IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ALEX DEMETRIUS MCMILLIAN, #288873, Petitioner, | ) ) ) ) ) | |
| v. | ) ) | Civil Action No. 17-069-WS-N |
| KENNETH PETERS, Respondent. | ) ) ) | |

## REPORT AND RECOMMENDATION

Pending before this Court are Alex Demetrius McMillian's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and Respondent's Answer (Doc. 8). This matter is now ripe for the Court's consideration and has been referred to the undersigned United States Magistrate Judge for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), Rule 8(b) of the Rules Governing Section 2254 Cases, and Local Rule 72.2(c)(4). For the reasons explained herein, it is recommended that McMillian's Petition (Doc. 1) be **DENIED** and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that McMillian be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

### I. PROCEDURAL BACKGROUND

The record before this Court reflects that on March 11, 2013, Petitioner was convicted in Mobile County Circuit Court of Attempted Murder after

entering a guilty plea. (Doc. 8-1 at 17-18, 21-22, 39-43). He was sentenced as a habitual offender to life imprisonment. (Doc. 1 at 1; Doc. 8-1 at 18, 21-22, 71-72). McMillian appealed his conviction to the Alabama Court of Criminal Appeals (Doc. 8-1 at 1; Doc. 8-2) and the Alabama Court of Criminal Appeals affirmed the conviction in a memorandum opinion on December 13, 2013. (Doc. 8-2). A Certificate of Judgment was entered on January 2, 2014. (Doc. 8-3). McMillian did not seek further review from the Supreme Court of Alabama. (Doc. 1 at 3).

On July 22, 2014, McMillian filed a Rule 32 petition in state court asserting multiple grounds for relief. (Doc. 1 at 3; Doc. 8-4 at 21-48). The State responded to the Rule 32 petition arguing the same should be denied (Doc. 8-4 at 71-81) and the state court entered an order summarily denying McMillian's Rule 32 petition on July 13, 2015. (Doc. 1 at 7; Doc. 8-4 at 139-149). McMillian appealed the denial to the Alabama Court of Criminal Appeals and the Appeals Court affirmed the denial in a memorandum decision dated February 5, 2016. (Doc. 1 at 2, 7, 10, 11, 14; Doc. 8-4 at 17; Doc. 8-5). A Certificate of Judgment was entered on February 24, 2016. (Doc. 8-6). On February 5, 2017, McMillian initially filed his habeas petition (Doc. 1). McMillian's petition does not contain page 14, Paragraph 19, which requires a petitioner to state why his claim is not time-barred.

Respondent argues that the statute of limitations period set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §

2

2244(d), expired for McMillian on August 24, 2016. (Doc. 8 at 8). McMillian was ordered to show cause as to why his petition should not be dismissed as time barred by not later than July 31, 2017. (Doc. 9). On June 26, 2017, McMillian filed a "Cross Motion and Opposition to Respondent". (Doc. 12). McMillian also filed a "Petitioner Legal Inquiry" on August 3, 2017, which this Court construed as a motion for status. (Doc. 13).

## II. DISCUSSION

The Anti-Terrorism and Effective Death Penalty Act of 1996, § 101 (Supp. II 1997) ("AEDPA"), which became effective on April 24, 1996, provides that a petitioner has one year from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" to file a federal habeas corpus petition. 28 U.S.C. § 2244(d)(1)(A). The statute specifically provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right

> has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Nothing in McMillian's petition supports running his one-year limitations period from any of the dates in § 2244(d)(1)(B) – (D). As a result, McMillian ha[d] "one year from the date his judgment of conviction and sentence bec[a]me[] final to file a petition for a writ of habeas corpus in federal court." *Walton v. Sec'y, Florida Dep't of Corr.*, 661 F.3d 1308, 1310 (11th Cir. 2011) (citing 28 U.S.C. § 2244(d)(1)(A)).

For purposes of 28 U.S.C. § 2244(d)(1)(A), a "state prisoner's conviction becomes final when the United States Supreme Court denies *certiorari*, issues a decision on the merits, or when the ninety day period in which to file for *certiorari* expires, regardless of whether the defendant raised any federal issues on direct appeal." *See, e.g.*, *McCloud v. Hooks*, 560 F.3d 1223, 1227 (11th Cir. 2009). However, because McMillian did not seek review from the Alabama Supreme Court, he was not entitled to seek review in the United States Supreme Court. (*Id.*) As a result, his conviction became final on January 2, 2014, the date the Alabama Court of Criminal Appeals issued the Certificate of Judgment. (Doc. 8-3 at 2) and this Court need not consider the additional 90 days contemplated in Supreme Court Rule 13. 1. *See Pugh v.*

4

*Smith*, 465 F.3d 1295, 1299 (11th Cir. 2006).[1]

"The limitation period is tolled for '[t]he time during which a properly filed application for State post-conviction or other collateral review' is pending." *Walton*, 661 F.3d at 1310 (quoting 28 U.S.C. § 2244(d)(2)). The record indicates that McMillian filed a petition for post-conviction relief under Alabama Rule of Criminal Procedure 32 with the Mobile County Circuit Court on July 22, 2014 (Doc. 1 at 3; Doc. 8-4 at 21-48), thus tolling McMillian's AEDPA clock at 201 days. *See McCloud*, 560 F.3d at 1227 ("a Rule 32 petition is a tolling motion under § 2244(d)(2)"). The Circuit Court dismissed McMillian's Rule 32 petition on July 13, 2015, the Court of Criminal Appeals affirmed that dismissal on February 5, 2016, and a Certificate of Judgment was entered on February 26, 2016. (Docs. 8-2; 8-3). Accordingly, McMillian's AEDPA clock began running again on February 27, 2016, and expired 164 days later on August 8, 2016. Therefore, McMillian's present habeas petition, filed February 5, 2017, the date he certifies under penalty of perjury that it was delivered to prison officials for mailing, is untimely under § 2244(d)(1)(A). S*ee* (Doc. 1 at 12); Rule 3(d) of the Rules Governing Section 2254 Cases.

However, because McMillian is proceeding *pro se* in this action, he was advised that certain equitable exceptions may excuse an untimely habeas

---

[1] Regardless of whether McMillian's conviction became final on January 2, 2014, or ninety days thereafter pursuant to Supreme Court Rule 13. 1, his habeas petition would still be time-barred. The only difference would be that McMillian's one year AEDPA limitations would have run on November 8, 2016, instead of August 8, 2016, which was still prior to the filing of his habeas petition.

claim. Namely, the Eleventh Circuit has stated that:

> Section 2244 is a statute of limitations, not a jurisdictional bar. Therefore, it permits equitable tolling "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." Sandvik v. United States, 177 F.3d 1269[, 1271 (11th Cir. 1999)]. Equitable tolling is an extraordinary remedy which is typically applied sparingly. See Irwin v. Dept. of Veterans Affairs, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990).

*Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). The Eleventh Circuit has also held:

> [M]ere attorney negligence is not a basis for equitable tolling. *Helton v. Sec'y for Dep't of Corr.*, 259 F.3d 1310, 1313 (11thCir. 2001); *Steed v. Head*, 219 F.3d 1298, 1300 (11thCir. 2000); *Sandvik v. United States*, 177 F.3d 269, 1271-72 (11th Cir. 1999). Moreover, even if a prisoner shows that extraordinary circumstances" occurred, the prisoner must still establish that he acted with due diligence in order to be entitled to equitable tolling. See Helton, 259 F.3d at 1313.

*Powe v. Culliver*, 205 Fed.Appx. 729, 732 (11th Cir. Sept. 19, 2006). As a general rule, "the 'extraordinary circumstances' standard applied in this circuit focuses on the circumstances surrounding the late filing of the federal habeas petition, rather than the circumstances surrounding the underlying conviction." *Helton v. Secretary of Dept. of Corrections*, 259 F.3d 1310, 1314 (11th Cir.), cert. denied, 535 U.S. 1080 (2002); *Drew v. Department of Corrections*, 297 F.3d 1278, 1286-87 (11th Cir. 2002).

Furthermore, recent decisions have established that there is an "actual innocence" exception to the AEDPA statute of Limitations. *McQuiggin v. Perkins*, 133 S.Ct. 1924 (2013). The Court "caution[ed], however, that tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the

6

threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id* at. 1928. (quoting *Schlup v. Delo*, 513 U.S. 298, at 329 (1995) . *See also Gore v. Crews*, 720 F.3d 811, 817 (11th Cir. 2013) ("*McQuiggin* hold[s] 'that there is an 'equitable exception' to the statute of limitations applicable to habeas claims, 28 U.S.C. § 2244(d), but only when the petitioner presents new evidence that 'shows it is more likely than not that no reasonable juror would have convicted the petitioner.' *Id*. at 1931, 1933 (alteration and quotation marks omitted)."

Because Section 2244 is not a jurisdictional bar and because of the actual innocence exception, discussed above, this Court entered an order on June 5, 2017, ordering McMillian to show cause why his petition should not be dismissed as time barred by not later than July 31, 2017. (Doc. 9). Since that time, Petitioner has filed two potentially responsive pleadings; one entitled "Objection and Writ of Mandamus" (Doc. 10) which this Court construed as an Objection to the Show Cause Order (Doc. 11) and the second entitled "Cross Motion and Opposition to Respondent". (Doc. 12). The first document filed by Petitioner (Doc. 10) makes no mention of the AEDPA statute of limitations and the only ostensible response to this Court's Show Cause Order found therein states: "To adopt any type dismissal in this case without being heard on the merits would be a grave miscarriage of justice." (Doc. 10 at 3). Accordingly, the undersigned entered an order stating, in part,

7

as follows:

> For the sake of clarity, Petitioner should be aware that his Writ of Habeas Corpus was served on the Respondent (Docs. 4 and 5) and a response was filed (Doc. 8). Further, Petitioner is informed that this Court's Show Cause Order (Doc. 9) is not a Report and Recommendation and that his case has not been dismissed (or recommended for dismissal). Rather, the Show Cause Order, ordered Petitioner to file a reply by no later than July 31, 2017, as to why his petition should not be dismissed as time-barred.

(Doc. 11 at 1-2). On June 26, 2017, Petitioner filed a "Cross Motion and Opposition to Respondent" (Doc. 12). Therein, McMillian mentions the AEDPA statute of limitations on one occasion and ostensibly addresses the timelines of his petition on one other occasion. More specifically, McMillian states "that the Respondent knew or should have known that the Anti-Terrorism and Effective Death Penalty Act is in fact being misapplicated [sic] to your Petitioner who only possess a drug offense and an attempted murder which is only two (2) offenses and number don't support the Respondent Attorney General Strong attempt to mislead this Court…" (Doc. 12 at 2), and then after asserting that the Attorney General conspired to mislead the Court and wrongfully imprison Petitioner in violation of the 1st, 4th, 5th, 6th, 8th, 9th, 10th, and 14th Amendment rights, McMillian states that the "Alabama Attorney General seems to have forgotten the state and federal mailbox rule for an incarcerated Petitioner…" (*Id.* at 3). Neither of these statements alone, or when read in conjunction with Petitioner's full pleading, explains why McMillian's petition is not time-barred. More specifically, McMillian has not explained how the AEDPA statute of limitations was incorrectly applied

to his case and, as described herein above, this Court considered the date on which McMillian signed his petition and delivered it to be mailed as the filing date of his petition, in accordance with the "mailbox rule". (S*ee* Doc. 1 at 12); Rule 3(d) of the Rules Governing Section 2254 Cases. Moreover, McMillian has not established extraordinary circumstances to support equitable tolling or submitted evidence that he is actually innocent. As a result, the undersigned finds that Petitioner is not entitled to statutory tolling of the limitations period to make his claim timely. He is also not entitled to equitable tolling, since he has not established any "extraordinary circumstance" which prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). Thus, the claims and petition brought by Petitioner are barred by the AEDPA statute of limitations.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied. 18 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."). The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1). A certificate of appealability may only issue where "the

applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2243(c)(2).

When a habeas petition is dismissed on procedural grounds, such as in the instant case, without reaching the merits of any underlying constitutional claim, "a COA should issue [only] when the prisoner shows…that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Miller-EL v. Cockrell*, 537 U.S. 322, 336 (2003)("Under the controlling standard, a petitioner must 'show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' ").

Under the facts of this case, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."). Accordingly, the undersigned recommends that the court conclude that no reasonable jurist could find it debatable whether the Petitioner's petition should be dismissed; thus, he is

not entitled to a certificate of appealability.

## IV. CONCLUSION

McMillian's habeas corpus petition was filed beyond the one-year AEDPA limitations period in violation of 28 U.S.C. § 2244(d). Further, Petitioner has not established any "extraordinary circumstance" which prevented him from seeking § 2254 relief. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008). As a result, the claims and petition brought by Petitioner are barred by the AEDPA statute of limitations. Therefore, it is recommended that McMillian's Petition (Doc. 1) be **DENIED** and that this action be **DISMISSED**. The undersigned further **RECOMMENDS** that McMillian be found not entitled either to a Certificate of Appealability or to proceed *in forma pauperis* on appeal.

## V. NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. ALA. L.R. 72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation

where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 23rd day of August 2017.

                      */s/ Katherine P. Nelson*
                      **KATHERINE P. NELSON**
                      **UNITED STATES MAGISTRATE JUDGE**